70-81952

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EMPLOYERS INSURANCE COMPANY　　　　　　**REPLY MEMORANDUM**
OF WAUSAU,　　　　　　　　　　　　　　　　　**OF LAW IN SUPPORT OF**
　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF'S MOTION FOR A**
　　　　　　　Plaintiff,　　　　　　　　　　　　**PROTECTIVE ORDER**
　　　　　　　　　　　　　　　　　　　　　　　**PURSUANT TO FED. R. CIV. P.**
　　　-v-　　　　　　　　　　　　　　　　　　 **26(c)**

MUNICH REINSURANCE AMERICA, INC.,　　　　10 CV 3558 (PKC)

　　　　　　　Defendant.
-----------------------------------------------------------x

I.  **Preliminary Statement**

Plaintiff, Employers Insurance Company of Wausau ("Wausau"), submits this Memorandum of Law in further support of its motion for a protective order pursuant to Rule 26(c) and in reply to Munich Reinsurance America, Inc.'s ("Munich Re") Memorandum of Law in Opposition.

This motion was precipitated by Munich Re's demand that Wausau turn over all "Confidential Information" in its possession relating to the *Paladin v Wausau* arbitration. Here, Wausau seeks a determination of whether such disclosure is required, or whether this disqualification action should be decided without that disclosure, considering that the purpose of the disqualification action is to protect the very information Munich Re now seeks. Wausau's motion is predicated upon the well-established principle in disqualification actions - that a requirement to disclose "Confidential Information" would thwart the very reason for the existence of Rule 1.9 of the Rules of Professional Conduct.

Munich Re's opposition ignores the salient point of Wausau's motion and attempts to turn it on its head. Munich Re erroneously argues that Wausau is only entitled to protection of its "Confidential Information" if it first proves a substantial relation between the *Paladin v*

*Wausau* arbitration and the pending arbitrations between Munich Re and Wausau and National Casualty. Without any support in the law, Munich Re attempts to place the cart before the horse. Moreover, and of equal importance, is Munich Re's failure to address issues germane to the protective order in the context of Rubin, Fiorella & Friedman's ("RFF") disqualification pursuant to Rule 1.9(c).

It is undisputed that Wausau is a former client of RFF. It is also undisputed that RFF received "Confidential Information" as a result of its prior representation of Wausau, as evidenced by Wausau's Privilege Log. Therefore, the only remaining issue with respect to Rule 1.9(a) is whether a substantial relationship exists between the current Munich Re arbitrations and the *Paladin v Wausau* arbitration. In turn, this leads to the question of whether a substantial relation can be proven without disclosure of the "Confidential Information" sought to be protected.

The law does not require disclosure of the "Confidential Information," and Munich Re has failed to prove otherwise. As addressed above, Wausau is a former client of RFF, and RFF received "Confidential Information" from Wausau during that representation. The only question with respect to Rule 1.9(c) is whether any of that "Confidential Information" could be used by RFF to Wausau's disadvantage. This begs the question of whether a disadvantage can be proven without disclosure of the "Confidential Information." Munich Re fails to address this issue in its opposition, presumably because the controlling law supports only Wausau's position.

Wausau's responses to Munich Re's discovery requests - in combination with Wausau's Privilege Log - have provided Munich Re with sufficient information on which it can base its expected arguments that a substantial relationship does not exist between the former representation of Wausau and the present representation against it, and that none of the

"Confidential Information" RFF possesses can be used to Wausau's disadvantage. Disclosure of the "Confidential Information" does not deprive Munich Re of a fair opportunity to attempt to prove that RFF need not be disqualified.

## II. Argument

### A. The issue of substantial relation can be determined without disclosure of Wausau's "Confidential Information," and controlling law does not require otherwise.

Munich Re's opposition relies exclusively on a single proposition - that Wausau must first prove that the former and present representations by RFF are substantially related before any information Wausau possesses qualifies as "Confidential" under Rule 1.6(a), and is thus entitled to protection. Munich Re further maintains that if Wausau fails to prove the existence of a substantial relationship, all of its "Confidential Information" must be disclosed. Not only does Munich Re miss the point with its mistaken belief that it can bring this case to conclusion by opposing a motion for a protective order and alleging the absence of substantial relation, but more importantly, the law does not support Munich Re's position.

The first two elements of a Rule 1.9(a) charge are indisputably present in this case: 1) Wausau is a former client of RFF; and 2) RFF received "Confidential Information" as a result of that prior representation. The question presently before this Court is whether the law recognizes that proving substantial relation does not require disclosure of the very "Confidential Information" sought to be protected. The law does not require such disclosure, rather it strongly counsels against it.[1]

---

[1] Munich Re belittles Wausau's reliance on the cases that pre-date *Evans v. Artek Systems Corp.*, 715 F.2d 788 (2d Cir. 1983). However, in fact *Evans* relies on both *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562 (2d Cir. 1973) and *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F. Supp. 265 (S.D.N.Y. 1953) in providing the rule for disqualification under Rule 1.9(a). 715 F.2d at 791.

Munich Re has not and cannot cite to a single case in which the Second Circuit or any district court within that Circuit has held that for purposes of disqualification under Rule 1.9(a), a substantial relation can only be proven by disclosure of the former client's "Confidential Information".[2] As discussed in Wausau's opening Memorandum, this is because the Second Circuit and its lower courts have consistently held to the contrary.[3]

Wausau's responses to Munich Re's discovery requests provide the parties with ample evidence to argue - and the Court with ample evidence to decide - the issue of substantial relation. Despite Munich Re's contention, Wausau's responses are not conclusory allegations devoid of substance. Just one example of the clarity of the relation between the present arbitrations and the *Paladin v Wausau* arbitration is that both involve the selection of arbitrators and an umpire. This similarity is not merely that both involve reinsurance and arbitration law, but instead that they involve the congruence of material facts present in both proceedings. The "Confidential Information" Wausau shared with RFF regarding arbitrators and umpires it likes and dislikes, and its reasoning, bears significantly upon the individuals Munich Re selects and nominates.[4]

As Wausau's Privilege Log establishes, there is no need for Munich Re or the Court to "presume" anything to establish that "Confidential Information" was actually provided by

---

[2] In fact, at page 14 of its opposition, Munich Re admits as much ("the Second Circuit's test does not address what information Plaintiff may or should use to demonstrate a substantial relationship").

[3] Munich Re suggests that the Court is not obligated to enforce Rule 1.9, as the Second Circuit is not bound by it. *See* Munich Re opp. at p. 10. Wausau disagrees. First, RFF's representation of Munich Re against Wausau would "taint" the pending arbitrations; and second, every lawyer admitted to the Bar of this Court takes an oath to abide by the New York Rules of Professional Conduct (L. Civ. R. 1.3) and can be faced with disbarment for violating those Rules (L. Civ. R. 1.5(b)(5)).

[4] The significance of information about the "factual relations" between an arbitrator/umpire and the opposing party is easily demonstrated in this very case. Munich Re has selected Andrew Maneval as its arbitrator. Mr. Maneval was once proposed as an umpire in a dispute between Wausau and OneBeacon. There, the federal district court in Chicago was asked to make the umpire selection. *See* Declaration of Stacie L. Young submitted herewith and incorporated herein by reference. Given its long and tumultuous history with Mr. Maneval and his employer, Wausau objected to Mr. Maneval being selected as the umpire. *Id.* The federal district court in Chicago agreed, noting that Wausau's concerns were well-founded. *Id.*

Wausau to RFF during the *Paladin v. Wausau* arbitration. "Confidential Information" about arbitrators and umpires, those liked and disliked and Wausau's reasoning exists and was exchanged.[5]

| Log Page | Document Type | Date | Subject Matter | Author | Recipient | Privilege Protection |
|---|---|---|---|---|---|---|
| 47 | E-Mail | 1/25/07 | Re appointment of Wausau arbitrator Paladin v Wausau | Gerald Greenberger Rubin Fiorella Wausau Counsel | Mark Kareken Wausau Counsel and Wausau Arbitrator | Attorney-Client Privileged Attorney Work Product Confidential Information NY RPC 1.6(a) Confidential Pursuant to Arbitration Agreement Paladin v Wausau |
| 47 | E-Mail | 1/26/07 | Re Wausau arbitrator retainer | Gerald Greenberger | Mark Kareken | Same as preceding |
| 50 | E-Mail | 2/11/07 | Paladin v Wausau Umpire selection | Gerald Greenberger | Mark Kareken | Same as preceding |
| 52 | Telephone Conference | 1/24/07 | Paladin v Wausau re arbitrator selection | Gerald Greenberger | Mark Kareken | Same as preceding |
| 52 | Telephone Conference | 1/26/07 | Paladin v Wausau re umpire selection | Gerald Greenberger | Wausau Arbitrator | Confidential pursuant to Parties' Agreement Confidential Information NY RPC 1.6(a) |
| 53 | Telephone Conference | 1/30/07 | Paladin v Wausau re umpire selection | Gerald Greenberger | Wausau Arbitrator | Confidential pursuant to Parties' Agreement Confidential Information NY RPC 1.6(a) |
| 53 | E-Mail | 2/15/07 | Paladin v Wausau re umpire selection | Gerald Greenberger | Mark Kareken | Attorney-Client Privileged Attorney Work Product Confidential Information NY RPC 1.6(a) Confidential Pursuant to Arbitration Agreement Paladin v Wausau |
| 53 | E-Mail | 2/15/07 | Paladin v Wausau re umpire selection | Gerald Greenberger | Mark Kareken | Attorney-Client Privileged Attorney Work Product Confidential Information NY RPC 1.6(a) Confidential Pursuant to Arbitration Agreement Paladin v Wausau |
| 54 | E-Mail | 2/20/07 | Paladin v Wausau re umpire selection | Mark Kareken | Gerald Greenberger | Same as preceding |
| 54 | E-Mail | 2/21/07 | Paladin v Wausau re umpire selection | Gerald Greenberger | Mark Kareken | Same as preceding |
| 55 | E-Mail | 2/21/07 | Paladin v Wausau re umpire selection | Mark Kareken | Gerald Greenberger | Same as preceding |
| 55 | E-Mail | 2/28/07 | Paladin v Wausau re umpire selection | Gerald Greenberger | Mark Kareken | Same as preceding |
| 56 | E-Mail | 3/1/07 | Paladin v Wausau re umpire selection | Gerald Greenberger | Mark Kareken | Same as preceding |

More importantly, the "Confidential Information" need not be disclosed in order for the Court to determine the issue of substantial relation. The identities of the potential arbitrators and umpires Wausau discussed with RFF is not relevant, nor is it needed to establish that a substantial relationship exists. Forcing Wausau to provide their identities would only be a

---

[5] The arbitrator/umpire log provided herein is not a complete listing of all entries regarding Wausau's exchange of "Confidential Information" regarding arbitrators and umpires. Additional entries can be found on pages 57-63 of the Privilege Log. Similar logs could be made with respect to the other categories of information identified in Wausau's Responses to Munich Re's discovery requests.

Wausau v Munich Re – 10 CV 3558
Wausau Reply Memo in Support of Protective Order

further disadvantage to Wausau in the present arbitration.[6] Instead, it is the congruence of the material fact that the prior and present arbitrations involve arbitrator and umpire selection, and that information from the prior representation can be used to Wausau's disadvantage, that establishes the existence of a substantial relation.

    **B.**    **Munich Re fails to acknowledge that disclosure of Wausau's "Confidential Information" is not required to prove RFF's violation of Rule 1.9(c).**

Munich Re's Opposition focuses solely on Rule 1.9(a), completely ignoring the fact that Wausau also seeks disqualification under Rule 1.9(c).[7]

Here, there is no dispute that Wausau is RFF's former client, nor can it be disputed that RFF acquired a wealth of "Confidential Information" as a result of the prior representation, as evidenced by Wausau's Privilege Log. The only remaining element that must be proved to warrant disqualification is whether the "Confidential Information" could be used to Wausau's disadvantage. As such, it must be determined whether proving the "disadvantage" element requires disclosure of the "Confidential Information." As explained in Wausau's opening memorandum, disclosure is not required, as such a requirement would render the Rule's purpose meaningless.[8]

By failing to address these issues, for purposes of this motion - if not for the question of disqualification entirely - Munich Re concedes that disclosure of "Confidential Information" is not required to prove disadvantage. Again, for example, it cannot be disputed that the identity of a particular arbitrator or umpire in the *Paladin v Wausau* arbitration need not be disclosed in

---

[6] In its opposition, Munich Re incorrectly asserts that no "Confidential Information" was exchanged between Wausau and RFF during the prior representation, and suggests that Wausau be put to its proof. (Munich Re Opp. pp. 16-17) Wausau respectfully submits that the "proof" has already been provided in the form of a 171 page privilege log documenting, to the extent possible, every attorney/client exchange.
[7] Rule 1.9(c) forbids a lawyer who has formerly represented a client from using "Confidential Information" as defined in Rule 1.6 to the disadvantage of the former client.
[8] *See Jamaica Public Service Co. Ltd. v. AIU Insurance Company*, 92 N.Y.2d 631, 637 (1998); *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562, 571 (2d Cir. 1973); *Gramercy Financial Group LLC, et al. v. Helie*, 02 Civ. 6017, 2004 U.S. Dist. Lexis 6750 *4-5 (S.D.N.Y., April 19, 2004).

order for the Court to conclude that having such knowledge, as clearly established by Wausau's Privilege Log, could be used by RFF to Munich Re's advantage and Wausau's disadvantage herein.[9] A protective order preventing the disclosure of Wausau's "Confidential Information" is required both to achieve the objective and to uphold the integrity of Rule 1.9(c).

### C.     Wausau has demonstrated good cause for the issuance of the requested protective order.

In arguing that Wausau has failed to show good cause for its requested protective order, Munich Re expresses outrage at the notion that Wausau should be allowed to keep its "Confidential Information" confidential. However, contrary to Munich Re's feigned affront, Wausau's establishment of good cause is supported by controlling law.

The premise of Rule 1.9 is that a lawyer's duty to a client does not end upon completion of the representation. As outlined in many of the cases upon which Wausau relies, it would be unreasonable to expect a client to be honest and forthcoming with its counsel with the knowledge that information it disclosed could later be used against it by its former counsel. It is for this reason that the cases addressing disqualification adhere so strongly to the principle that disclosure of "Confidential Information" is not required. *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 740 ("such a requirement [mandated disclosure] would put the former client to the Hobson's choice of either having to disclose his privileged information in order to disqualify his former attorney or having to refrain from the disqualification motion altogether").

The case law upon which Wausau relies is not inapposite. In fact, Munich Re concedes the validity of Wausau's position in seeking an alternative and less restrictive means to

---

[9] Munich Re's Opposition (p. 4, footnote 10) suggests that the arbitrator/umpire information possessed by RFF as a result of its prior representation of Wausau is of no risk to Wausau. This could not be further from the truth. If RFF knew from Wausau that Umpire X harbored animus towards Wausau, then RFF/Munich Re would have every interest in attempting to have Umpire X seated as the umpire for one or both of the instant arbitrations.

Wausau v Munich Re – 10 CV 3558
Wausau Reply Memo in Support of Protective Order

accomplish the protection to which Wausau is entitled. Munich Re maintains that it would be willing to allow only RFF to see Wausau's "Confidential Information." However, there are at least two fatal flaws with this proposal. First, RFF is, or should already, be in possession of all of the documents identified in Wausau's Privilege Log. Consequently, Munich Re's "less restrictive" protection is a fallacy. Indeed, RFF maintains that it has not disclosed any of Wausau's "Confidential Information" to Munich Re (Munich Re Opp. at p. 5, footnote 14). Regardless of the truth of that statement, the risk that would be created by Munich Re's "less restrictive" approach would only increase the chances that "Confidential Information" will be disclosed.

Second, there is little basis for Wausau to trust Munich Re and RFF with respect to Wausau's "Confidential Information." While Munich Re contends that its objective is to have the arbitrations move forward, Munich Re has failed to acknowledge that there are many other competent and willing reinsurance lawyers available, and steadfastly refuses to replace RFF, thereby causing delay in proceeding with the arbitrations. Aside from the disingenuity of Munich Re's purported priorities, its refusal to replace RFF leaves Wausau to arrive at the only logical conclusion - that Munich Re insists on being represented by RFF precisely because of RFF's prior representation of Wausau.[10]

Moreover, Munich Re has consistently accused Wausau of using the disqualification action to avoid the arbitrations and/or extract some sort of discount - neither of which it true - and then harps on the assertion that Wausau, Wausau's outside counsel and Wausau's in-house

---

[10] Munich Re's steadfast refusal to disclose whether it has other pending ADLA arbitrations with other reinsurers in which RFF is not Munich Re's counsel clearly supports this conclusion. *See* Young Dec., Exhibit H at pp. 3-4 (Munich Re response to Wausau Document Request No. 5).

counsel should be sanctioned.[11]  The risk associated with Munich Re's proposed "less restrictive" disclosure approach is not one that Wausau should be expected to take, particularly where neither basis for disqualification is dependent on the disclosure of the "Confidential Information."

### III.  Conclusion.

Wausau is a former client of RFF client and Wausau has conclusively proven that RFF received a wealth of "Confidential Information" as a result of that prior representation.  In response, Munich Re offers the Court no opposition to Wausau's claim that a protective order is warranted based on RFF's violation of Rule 1.9(c).  Indeed, Munich Re concedes that the determination of whether the "Confidential Information" can be used to Wausau's disadvantage does not require its disclosure.  On this basis alone, the protective order should be issued.

With respect to Rule 1.9(a) and Munich Re's consistent reliance on the issue of substantial relation, Wausau respectfully reminds the Court that:

> In cases of this sort the Court must ask whether it can reasonably be said that in the course of the former representation the attorney might have acquired information related to the subject of his subsequent representation. If so, then the relationship between the two matters is sufficiently close to bring the latter representation within the prohibition of Cannon 6.

*T.C. Theatre*, 113 F. Supp. at 269.  Here, there is no dispute that Wausau is a former client of RFF, that Munich Re and Wausau's interests are adverse, and – considering the content of

---

[11] Munich Re references the fact that Wausau has filed an action against Allianz for the disqualification of Allianz's lawyers in the mistaken belief that same has any relevance to the question before this Court – which it does not. *See* Munich Re opp. at p. 9. Had Munich Re read the complaint in the Allianz litigation, it would have learned that there is considerable merit to Wausau's position. For example, Allianz and Wausau entered into an agreement creating an attorney-client relationship between Wausau and the attorneys who defended Allianz in the ADLA coverage claims. Having represented Allianz and Wausau against the ADLA, Allianz now inappropriately proposes that these same attorneys represent Allianz in its suit against Wausau to collect Wausau's alleged share of Allianz's settlement with the ADLA.

Wausau's Privilege Log - that the pending arbitrations and *Paladin v Wausau* are substantially related. "Any doubt is to be resolved in favor of disqualification."[12]

Dated: New York, New York
      September 17, 2010

                      Respectfully submitted,

                      MARTIN CLEARWATER & BELL LLP

                      By: *[signature]*
                           Stacie L. Young (SLY-0573)
                           Attorneys for Plaintiff
                           220 East 42nd Street
                           New York, NY 10017
                           (212) 697-3122

TO:    Rubin, Fiorella & Friedman LLP
        Attorneys for Defendant
        292 Madison Avenue
        New York, NY 10017
        (212) 447-4644

---

[12] *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975); *Guerrilla Girls, Inc. v. Kaz*, 03 Civ. 4619, 2004 U.S. Dist. Lexis 19969 *4 (S.D.N.Y., Oct. 4, 2004); *Leslie Dick Worldwide, Ltd. v. Soros*, 08 Civ. 7900, 2009 U.S. Dist. Lexis 63192 *23 (S.D.N.Y., July 22, 2009); *Merck Eprova AG v. Merck KGaA*, 670 F. Supp.2d 201, 207 (S.D.N.Y. 2009); *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 09 Civ. 3961, 2010 U.S. Dist. Lexis 12766 *14 (S.D.N.Y., Feb. 1, 2010).

Wausau v Munich Re – 10 CV 3558
Wausau Reply Memo in Support of Protective Order