```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-30-10
```

# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

**MEMO ENDORSED**

*Handwritten endorsement:* Proposal for taken up will be at October 15 conference. SO ORDERED. /s/ 9-29-10

STACIE L. YOUNG
PARTNER

DIRECT DIAL: (212) 916-0957
E-MAIL: youngs@mcblaw.com

September 27, 2010

<u>Via Fax (212) 805-7949</u>
Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **<u>Employers Insurance Company of Wausau v. Munich Reinsurance America, Inc.</u>**
Civil Action No.:   10 CV 3558 (PKC)
MCB File No. :   70-81952

Dear Judge Castel:

We represent the plaintiff, Employers Insurance Company of Wausau ("Wausau"), in the above-referenced action. In accordance with the Civil Case Management Plan and Scheduling Order ("CCMPSO"), and pursuant to 2.A.1. of the Court's Individual Practices, Wausau hereby requests a pre-motion conference to address its application to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Paragraph 8 of the CCMPSO provides that a "motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the deadline in paragraph 5, i.e., the close of fact discovery." Pursuant to Paragraph 5 of the CCMPSO, October 12, 2010 is the date by which all fact discovery is to be complete.

Wausau respectfully submits that a motion for summary judgment is appropriate, as there are no genuine issues of material fact that would preclude the Court from entering judgment as a matter of law in Wausau's favor.

This action presents a single question: whether the law firm of Rubin, Fiorella & Friedman LLP ("RFF") should be disqualified from its representation of defendant, Munich Reinsurance America, Inc. ("Munich Re"), in the arbitrations Munich Re has

WESTCHESTER COUNTY OFFICE
245 MAIN STREET
WHITE PLAINS, NY 10601
TELEPHONE (914) 328-2969
FACSIMILE (914) 328-4036

NASSAU COUNTY OFFICE
90 MERRICK AVENUE
EAST MEADOW, NY 11554-1578
TELEPHONE (516) 222-8500
FACSIMILE (516) 222-8513

NEW JERSEY OFFICE
744 BROAD STREET
NEWARK, NJ 07102
TELEPHONE (973) 735-0578
FACSIMILE (973) 735-0584

Hon. P. Kevin Castel
Wausau v Munich Re – 10 Civ 3558
September 27, 2010
Page 2

commenced against Wausau pursuant to two separate reinsurance contracts. This central question is comprised of two parts: first, whether RFF's disqualification is required by Rule 1.9(a) of New York's Rules of Professional Conduct ("Rule 1.9(a)"); and second, whether RFF's disqualification is required by Rule 1.9(c); of New York's Rules of Professional Conduct ("Rule 1.9(c)").

Summary Judgment Motion Regarding Rule 1.9(a)

Rule 1.9(a) states that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

In this case, Munich Re has already admitted that RFF represented Wausau in a matter ("*Paladin v Wausau*" arbitration). Munich Re has also conceded that its interests in these matters ("*Munich Re v Wausau*" arbitrations) are materially adverse to those of Wausau. Thus, neither party has disputed, or can dispute, that two of the necessary elements in determining the existence of a violation of Rule 1.9(a) such that RFF must be disqualified have been satisfied.

The only remaining element of Rule 1.9(a) to be determined is whether the *Paladin v Wausau* arbitration is substantially related to the *Munich Re v Wausau* arbitrations. Like with the first two elements, there is no dispute between the parties regarding the facts relevant to the element of substantial relationship. Rather, the parties only disagree about which facts are relevant and what legal conclusion is to be drawn from those undisputed facts. Thus, the issue of disqualification under Rule 1.9(a) is ripe for summary adjudication by the Court.

Summary Judgment Motion Regarding Rule 1.9(c)

Rule 1.9(c) states that:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known; or

Hon. P. Kevin Castel
Wausau v Munich Re – 10 Civ 3558
September 27, 2010
Page 3

    (2) reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

  Again, Munich Re admits that it is indisputable that RFF represented Wausau in the *Paladin v Wausau* arbitration. Further, in light of Wausau's privilege log regarding its file in the *Paladin v Wausau* arbitration, it cannot be disputed that as a result of that representation, RFF acquired a wealth of "Confidential Information," as defined by Rule 1.6. Thus, like the issue associated with Rule 1.9(a), two of the three elements for disqualification under Rule 1.9(c) have been satisfied.

  There is one remaining element for determining whether disqualification is required under Rule 1.9(c) – whether the "Confidential Information" that Wausau and RFF shared as part of RFF's representation of Wausau in the *Paladin v Wausau* arbitration can be used by RFF to Wausau's disadvantage. As with the issues presented by Rule 1.9(a), the dispute between the parties does not involve material issues of fact, but rather, what legal conclusion is to be reached based on those undisputed facts. Thus, the issue of disqualification under Rule 1.9(c) is ripe for summary adjudication by the Court.

  Based on the foregoing, Wausau respectfully requests a pre-motion conference for leave to file a motion for summary judgment pursuant to Rule 56 Fed. R. Civ. P.

                Respectfully submitted,

                MARTIN CLEARWATER & BELL LLP

                Stacie L. Young

TO: **Via Fax (212) 953-2462**
   Bruce M. Friedman, Esq.
   Rubin, Fiorella & Friedman LLP
   292 Madison Avenue
   New York, New York 10017