UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

                        Plaintiff,

      -v-

MUNICH REINSURANCE AMERICA, INC.,

                        Defendant.
-----------------------------------------------------------------x

10 CV 3558

### DECLARATION OF MARK C. KAREKEN

Pursuant to 28 U.S.C. § 1746, I, Mark C. Kareken, declare under penalty of perjury that the following is true and correct.

1. I am an adult resident of the State of Wisconsin.

2. I was admitted to practice law before the courts of the State of Minnesota on October 21, 1986 and am a member in good standing of the Bar of that State.

3. I was admitted to practice law before the United States District Court for the District of Minnesota on February 2, 1989, the United States District Court for the District of Michigan on September 13, 2005 and the United States Court of Appeals for the Ninth Circuit on April 16, 2007, and I am a member in good standing before those courts.

4. I have also been admitted to appear *pro hac vice* before numerous state and federal courts, including before this Court on at least four occasions: 1:10-cv-05782 (Munich Re v National Casualty), 1:08-cv-08062, 1:04-cv-01959 and 1:01-cv-02064.

5. I did not seek *pro hac vice* admission in this case because of Rule 3.7 of New York's Rules of Professional Conduct.

6. I am fully familiar with the facts and circumstances of this action known to date.

7. This Declaration is respectfully submitted in support of Wausau's motion pursuant to Fed. R. Civ. P. 56(a) and (c), seeking:

   a. the judgment of this Court that Rubin, Fiorella & Friedman LLP's representation of Munich Reinsurance America, Inc. in arbitrations Munich Re has demanded of Wausau is an ethical violation warranting RFF's disqualification from representing Munich Re in these arbitrations against Wausau; and,

   b. granting such other and further relief as the Court deems just and proper.

8. A true and correct copy of the following documents, to which Wausau refers in the accompanying Local Civil Rule 56.1 Statement of Material Facts and Memorandum of Law in Support of its summary judgment motion, are attached to this Declaration under the following exhibit designations:

   Exhibit "1":   June 23, 2005 Notice of Petition and Petition of Employers Insurance Company of Wausau to Appoint an Umpire and Compel Arbitration with Paladin Reinsurance Corporation, Case No. 2005CV00336 (NRB)(S.D.N.Y.).

   Exhibit "2":   Facultative Certificate C1197 – Exhibit 1 to the Petition identified as Exhibit 1 hereto.

   Exhibit "3":   Facultative Certificate C1364 – Exhibit 2 to the Petition identified as Exhibit 1 hereto.

   Exhibit "4":   Facultative Certificate C1365 – Exhibit 3 to the Petition identified as Exhibit 1 hereto.

   Exhibit "5":   Facultative Certificate C1431 – Exhibit 4 to the Petition identified as Exhibit 1 hereto.

   Exhibit "6":   Facultative Certificate C1004 – Exhibit 5 to the Petition identified as Exhibit 1 hereto.

   Exhibit "7":   Facultative Certificate C1149 – Exhibit 6 to the Petition identified as Exhibit 1 hereto.

Exhibit "8":   Contract of Treaty Reinsurance, effective January 1, 1984, between Wausau and Paladin – Exhibit 7 to the Petition identified as Exhibit 1 hereto.

Exhibit "9":   October 26, 2001 letter Mark Kareken of Wausau to Phil Davies of Paladin – Exhibit 8 to the Petition identified as Exhibit 1 hereto.

Exhibit "10":  December 27, 2001 letter John Higgins of D'Amato & Lynch to Mark Kareken of Wausau – Exhibit 9 to the Petition identified as Exhibit 1 hereto.

Exhibit "11":  August 5, 2005 Paladin Response to Petition to Compel Arbitration of Employers Insurance Company of Wausau, Case No. 2005CV00336 (NRB)(S.D.N.Y.).

Exhibit "12":  September 12, 2005 Stipulation and Order, Case No. 2005CV00336 (NRB)(S.D.N.Y.).

Exhibit "13":  March 15, 2007 Judgment, Case No. 2005CV00336 (NRB)(S.D.N.Y.).

Exhibit "14":  November 28, 2006 letter John Higgins of D'Amato & Lynch to Mark Kareken of Wausau attached to May 17, 2010 letter Bruce Friedman of RFF to Stacie Young of Martin Clearwater & Bell LLP.

Exhibit "15":  September 23, 2010 Munich Reinsurance America, Inc.'s Responses and Objections to Plaintiff's [Wausau] Requests to Admit – RFA 3 at p. 2, Case No. 2010CV03558 (PKC)(S.D.N.Y.).

Exhibit "16":  Wausau Privilege Log, Case No. 2010CV03558 (PKC)(S.D.N.Y.)

Exhibit "17":  February 21, 2008 Order for Confirmation and Judgment, Case No. 2008CV000042 (JFK)(S.D.N.Y.).

Exhibit "18":  March 19, 2008 letter Craig & Winkelman LLP to Gregory Armour of Munich Re.

Exhibit "19":  March 13, 2008 letter Craig & Winkelman LLP to Gregory Armour of Munich Re.

Exhibit "20":  August 3, 2009 e-mail Gregory Armour of Munich Re to Maria Voynik of Munich Re forwarding August 20, 2007 e-mail Donald Mulligan of Allianz to Reinsurers, including Munich Re.

Exhibit "21":  January 11, 2008 letter Gregory Armour of Munich Re to Dewayne Mundell of Allianz.

Exhibit "22": February 1, 2008 letter Dewayne Mundell of Allianz to Gregory Armour of Munich Re.

Exhibit "23": August 21, 2008 Confidential Settlement Agreement between Allianz and Munich Re.

Exhibit "24": Excess of Loss Reinsurance Contract, effective July 1, 1977 to July 1, 1982 between Munich Re and Wausau.

Exhibit "25": First Casualty Facultative Excess of Loss Reinsurance Contract, effective July 1, 1982 to July 1, 1985 between Munich Re and Wausau.

Exhibit "26": October 22, 2008 Munich Re billings to Wausau for Munich Re's settlement of ADLA with Allianz.

Exhibit "27": November 25, 2008 letter Christine Nykiel of Wausau to Tim Schmidt of Munich Re America Brokers.

Exhibit "28": December 8, 2008 letter Maria Voynik of Munich Re to Christine Nykiel of Wausau.

Exhibit "29": December 17, 2008 letter Christine Nykiel of Wausau to Maria Voynik of Munich Re.

Exhibit "30": May 14, 2009 letter Gregory Armour of Munich Re to Maria Voynik of Munich Re.

Exhibit "31": July 16, 2009 letter Christine Nykiel of Wausau to Maria Voynik of Munich Re.

Exhibit "32": August 24, 2009 letter Gregory Armour of Munich Re to Maria Voynik of Munich Re.

Exhibit "33": March 3, 2009 letter Craig & Winkelman LLP to Gregory Armour of Munich Re.

Exhibit "34": November 20, 2009 letter Richard Drury of Wausau to Maria Voynik of Munich Re.

Exhibit "35": February 18, 2010 memo Gregory Armour of Munich Re to George Cavell and Tom O'Kane of Munich Re.

Exhibit "36": April 8, 2010 letter Bruce Friedman of RFF to Richard Drury of Wausau. [Complaint Exhibit 3]

Exhibit "37":  April 27, 2010 letter Mark Kareken of Wausau to Bruce Friedman of RFF.

Exhibit "38":  April 27, 2010 letter Mark Kareken of Wausau to Bruce Friedman of RFF.

Exhibit "39":  April 27, 2010 letter Mark Kareken of National Casualty to Bruce Friedman of RFF.

Exhibit "40":  May 7, 2010 letter Mark Kareken of Wausau to Bruce Friedman of RFF.

Exhibit "41":  May 7, 2010 letter Mark Kareken of National Casualty to Bruce Friedman of RFF.

Exhibit "42":  May 7, 2010 letter Mark Kareken of Wausau to Bruce Friedman of RFF.

Exhibit "43":  May 13, 2010 letter Bruce Friedman of RFF to Mark Kareken of Wausau.

Exhibit "44":  April 3, 2007 Notice of Docket Entry in OneBeacon America Insurance Company v. Employers Insurance Company of Wausau, Case No. 1:07-cv-00228 in which the Court directed the parties to make submission and replies concerning umpire candidates.

Exhibit "45":  April 10, 2007 OneBeacon's Nomination of Umpire Candidates, Case No. 1:07-cv-00228 in which OneBeacon nominated three individuals for umpire, including Andrew Maneval.

Exhibit "46":  April 17, 2007 Employers Insurance Company of Wausau's Response to OneBeacon American Insurance Company's Nomination of Umpire Candidates, Case No. 1:07-cv-00228 in which Wausau explained the bases of its objections to Mr. Maneval (pp. 3-5).

Exhibit "47":  April 20, 2007 Memorandum Opinion and Order, Case No. 1:07-cv-002288 in which the Court narrowed the field of candidates to two, noting "We think the objections to the two candidates [Andrew Maneval and Eric Kobrick] with business dealings with Wausau are well taken." Messrs. Maneval and Kobrick were eliminated from consideration.

Exhibit "48":  ARIAS/RAA query statistics on arbitrator/umpires as of April 26, 2010

Exhibit "49":  June 9, 2010 Munich Re Pre-Motion Conference Request from Bruce Friedman of RFF to the Honorable P. Kevin Castel, Case No. 2010CV03558 (S.D.N.Y.).

Exhibit "50":  July 30, 2010 Summons, Complaint, Petition, Memorandum in Support and Affidavit of Bruce Friedman in Munich Reinsurance America, Inc. v. National Casualty Company, Case No. 2010CV05782 (SHS)(S.D.N.Y.).

9. A search of case law in the Second Circuit and the Southern District of New York reveals that the Second Circuit has considered vacatur of arbitration awards based on the alleged bias/partiality of the umpire on 5 occasions, denied vacatur 3 times, granted vacatur once, and partially denied and granted vacatur once; whereas the Southern District of New York has considered vacatur for alleged umpire bias/partiality on 108 occasions and has denied vacatur 97 times, granted vacatur 8 times and partially denied and granted vacatur 3 times.

10. For the applicable law and facts, Wausau respectfully directs the Court's attention to the annexed Memorandum of Law submitted on behalf of Wausau in support of its summary judgment motion.

**WHEREFORE**, for the foregoing reasons, it is respectfully requested that this Court enter an Order granting Wausau's summary judgment motion in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: Wausau, Wisconsin
October 29, 2010

Yours, etc.

EMPLOYERS INSURANCE COMPANY OF WAUSAU

Mark C. Kareken (MCK-8706)
Lead Counsel
400 Westwood Drive
Wausau, WI 54402
(715) 843-8739

TO: Rubin, Fiorella & Friedman LLP
Attorneys for Defendant
292 Madison Avenue
New York, NY 10017
(212) 447-4644