USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11-5-10_

# RUBIN, FIORELLA & FRIEDMAN LLP
## ATTORNEYS AT LAW
### 292 MADISON AVENUE
### NEW YORK, NEW YORK 10017
TELEPHONE: (212) 953-2381
FACSIMILE: (212) 953-2462

WRITER'S DIRECT DIAL: (212) 447-4644
E-MAIL:    Cmonahan@rubinfiorella.com

November 5, 2010

VIA FAX: (212) 805-7949

Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

*[handwritten: No motion to strike is needed for the relief sought by defendant. Simply argue in opposition that the material ought not be considered and explain why]*

Re:    Employers Ins. Co. Of Wausau v. Munich Reinsurance America, Inc.
       Civil Action No.:    10-CV-3558(PKC)

REQUEST FOR PRE-MOTION CONFERENCE

*[handwritten: SO ORDERED / USDJ / 11-5-10]*

Dear Judge Castel:

    On behalf of Defendant Munich Reinsurance America, Inc., ("Munich Re"), the undersigned respectfully requests a pre-motion conference concerning a Motion to Strike which Munich Re believes is warranted.

    Pursuant to the Pretrial Conference Order issued by Your Honor on October 14, 2010, Plaintiff filed a Motion for Summary Judgment on October 29, 2010, supported by a Statement of Material Facts ("Statement"), and a Declaration of Mark Kareken with various exhibits attached. Included among the exhibits attached to Mr. Kareken's declaration is a privilege log. Munich Re requests permission to Move to Strike certain paragraphs from Plaintiff's Statement, as well as the privilege log attached as an exhibit.

        Plaintiff's Privilege Log May Not be Considered in Support of a Motion for
        Summary Judgment:

    This Court should only consider admissible evidence in support of a Motion for Summary Judgment. *See U.S. Information Systems, Inc. v. International Brotherhood of Electrical Workers Local Union No. 3,* 2006 WL 2136249, at \*5 (S.D.N.Y. Aug. 1, 2006)(citing *Raskin v Wyatt Co.,* 125 F.3d 55, 66 (2d Cir. 1997)).

    Plaintiff's privilege log is not evidence, it is a list of documents which have been withheld. *See Calabrese v. CSC Holdings, Inc.,* 2009 WL 425879, at \*17 (E.D.N.Y. Feb. 19, 2009); *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole,* 2006 WL 3782994, at \*13 (N.D.Ill

Hon. P. Kevin Castel
November 5, 2010
Page 2

Dec. 21, 2006)("This court agrees that the privilege log itself is not evidence; rather, the document named in the privilege log is the evidence. Because the court concludes that any probative value is substantially outweighed by the probability of jury confusion, the privilege log is inadmissible."). At best, Plaintiff's privilege log is hearsay, and is therefore inadmissible evidence which cannot be used in support of Plaintiff's Motion for Summary Judgment. *See Murphy v. Metropolitan Transportation Authority*, 2009 WL1044504, at *2 (S.D.N.Y. Apr. 14, 2009).

Munich Re therefore requests permission to Move to Strike Plaintiff's privilege log from the exhibits Plaintiff has submitted in support of its Motion for Summary Judgment.

<u>Improper Paragraphs in Plaintiff's Statement of Material Facts:</u>

Local Rule 56.1(d) states that "each statement by the movant . . . must be followed by citation to evidence which would be admissible...." S.D.N.Y. Civ. R. 56.1(d). This Court may strike paragraphs of the Statement when they "cite to inadmissible evidence or fail to provide proper response or citation to admissible evidence." *Parks v Lebhar-Friedman, Inc.*, 2008 WL 3833802, at *4, 7 (S.D.N.Y. Aug. 11, 2008). *See also U.S. Information*, 2006 WL 2136249 at *5 (citing *Patterson v County of Oneida*, 375 F.3d 206, 219, 222-23 (2d Cir. 2004), and others); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001)("Allowing a Rule 56.1 statement to substitute for the admissibility requirement set forth in Fed.R.Civ.P. 56(e) would be tantamount to the tail wagging the dog.").

Many of the paragraphs in Plaintiff's Statement are completely unsupported, or are supported only by inadmissible evidence – such as case law or hearsay. Munich Re requests leave to move to strike these paragraphs.

Finally, Munich Re's Opposition to Plaintiff's Motion for Summary Judgment is due November 12, 2010. To the extent that this Court gives leave for Munich Re to file a Motion to Strike, such motion will not be fully briefed or decided by November 12, 2010. Further, if the Court finds in Munich Re's favor on the Motion to Strike, it will significantly change how Munich Re opposes Plaintiff's Motion for Summary Judgment. Munich Re therefore requests that its time to oppose Plaintiff's Motion for Summary Judgment be delayed until not earlier than 7 business days after the Court rules on the Munich Re's Motion to Strike. Munich Re intends to file its own Partial Motion for Summary Judgment on November 12, 2010, as scheduled.

Respectfully submitted,
RUBIN, FIORELLA & FRIEDMAN LLP

Crystal Monahan

RUBIN, FIORELLA & FRIEDMAN LLP

Hon. P. Kevin Castel
November 5, 2010
Page 3


cc:    Stacie L. Young, Esq.
       Martin Clearwater & Bell
       Attorneys for Plaintiff
       Fax: (212) 949-7054