UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMPLOYERS INSURANCE COMPANY OF WAUSAU,

Plaintiff,

-v-

MUNICH REINSURANCE AMERICA, INC.,

Defendant.

Docket No.: 10-CV-3558 (PKC)

**MUNICH REINSURANCE AMERICA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Bruce M. Friedman (BF9074)
Crystal Monahan (CM1415)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
Phone: 212-447-4644
Fax: 212-953-2462

## TABLE OF CONTENTS

Page

I. THERE IS NO SUBSTANTIAL RELATIONSHIP BETWEEN THE *PALADIN* ARBITRATION AND THE *MUNICH RE* ARBITRATION ........... 1

A. There is No Dispute That the *Paladin* and *Munich Re* Arbitrations Arise Out of Different Facts and Events ........................................ 1

B. There is No Dispute That There Are No *Disputed* Issues in Common Between the *Paladin* and *Munich Re* Arbitrations ............................ 2

1. The *Wausau v. Paladin* Arbitration Should Be Disregarded Because Wausau Has Admitted that RFF Did Not Represent Wausau in That Matter ........................................................... 3

2. "Core Matters" in Common is Not the Same as Common Issues In Dispute ..................................................... 4

3. The Court Does Not Need to Consider What Issues Wausau May Raise in the *Munich Re* Arbitration ................................... 6

C. There is No Dispute that the Failure to Demonstrate a Substantial Relationship is Fatal to Plaintiff's Claim ........................................ 7

II. THERE IS NO LIKELIHOOD THAT RFF HAS ACCESS TO PRIVILEGED INFORMATION CONCERNING THAT *PALADIN* ARBITRATION THAT WOULD BE RELEVANT TO THE *MUNICH RE* ARBITRATION ................ 7

A. There is No Dispute That Wausau's Privilege Log is Hearsay ........................................................ 7

B. There is No Dispute that Munich Re Has Named Potential Umpires Who Were Not Discussed Between RFF and Wausau During the *Paladin* Arbitration ................... 8

III. THERE IS NO DISPUTE THAT THE *EVANS* TEST ENCOMPASS NYRPC 1.9(a) & 1.9(c) AND THUS NO SEPARATE ANALYSIS OF NYRPC 1.9(a) ............... 9

IV. MUNICH RE IS NOT IN VIOLATION OF THIS COURT'S OCTOBER 14, 2010 ORDER ........................................................... 9

Defendant, MUNICH REINSURANCE AMERICA, INC. ("Munich Re"), respectfully submits this Reply Memorandum of Law in support of its Cross-Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Civil Rule 56.1.

Wausau's Opposition to Munich Re's Cross-Motion for Summary Judgment contains a great deal of overblown rhetoric and misdirection, but does not dispute any of the material facts. Nor does Wausau refute the arguments made by Munich Re in support of its Motion. This Memorandum of Law briefly summarizes the points which are undisputed and explains why the arguments presented by Wausau cannot salvage its position.

## I. THERE IS NO SUBSTANTIAL RELATIONSHIP BETWEEN THE *PALADIN* ARBITRATION AND THE *MUNICH RE* ARBITRATION.

### A. There is No Dispute That the *Paladin* and *Munich Re* Arbitrations Arise Out of Different Facts and Events.

Although Wausau "stands by its explanation of the standard for disqualification,"[1] it does not dispute that the Second Circuit and the Southern District have ordered disqualification of counsel in only two circumstances: a) where the prior and later representations arise from or concern the exact same facts, event or transaction (*see Evans v. Artek Systems Corp.*, 715 F.2d 788, 792 (2d Cir. 1983); *Emle Ind., Inc., v. Patentex, Inc.*, 478 F.2d 562, 571 (2d Cir. 1973); *T.C. Theatre Corp. v. Warner Bros. Pictures*, 113 F.Supp. 265, 269-271 (S.D.N.Y. 1953)); or b) where the prior and later representations arise from or concern very similar events involving the same specific business practice of the client and the same cause of action is asserted in each case (*see Government of India v. Cook Indus., Inc.*, 569 F.2d 737, 739-740 (2d Cir. 1978)).

Wausau does not dispute that the *Paladin* and *Munich Re* arbitrations arise out of

---

[1] Wausau's Memorandum in Opposition to Munich Re's Cross-Motion for Summary Judgment ("Wausau Opp."), p. 13.

different facts.[2] This admission is fatal to Wausau's claim, because identical or nearly identical facts are necessary to support its action for disqualification.

Wausau instead argues that the "claim *situations* underlying both sets of arbitrations are the same, i.e. claims were made against the insured alleging liability that the insured in turn asserted was covered by insurance."[3] (emphasis added) The obvious problem with this argument is that, but for such a circumstance, there would be no insurance and reinsurance disputes. Under Wausau's broad brush[4], every single insurance and reinsurance dispute would be substantially related. Apart from failing even the most liberal "sniff test," Wausau's argument does not even come close to the standard.[5] *See Revise Clothing, Inc., v. Joe's Jeans Subsidiary, Inc.*, 2010 WL 638369, at *11 (S.D.N.Y. Feb. 1, 2010) (Two matters that concern apparel that may be subject to trademark protection are not substantially related where the trademarks at issue are different); *Koch Ind., Inc. v. Hoechst Aktiengesellschaft*, 650 F.Supp.2d 282, 286-287 (S.D.N.Y. 2009).

**B. There is No Dispute That There are No *Disputed* Issues in Common Between the *Paladin* and *Munich Re* Arbitrations.**

Wausau does not dispute that there are no *disputed* issues in common between the *Paladin* and *Wausau* arbitrations.[6] Instead Wausau argues that a) there is one disputed issue in common between the *Wausau v Paladin* arbitration and the *Munich Re* arbitration –

---

[2] *See* Wausau's Responses to Munich Re's Statement of Material Facts ("Wausau's Resp."), ¶¶ 7-8, 24, 26; Wausau Opp., pp. 3-5, 16-17.

[3] Wausau Opp., p. 17.

[4] "When dealing with ethical principles, it is apparent that we cannot paint with broad strokes. The lines are fine and must be so marked." *Commercial Union Ins. Co. v. Marco Int'l Corp.*, 75 F.Supp.2d 108, 111 (S.D.N.Y. 1999)(quoting *United States v. Standard Oil Co.*, 136 F.Supp. 345, 367 (S.D.N.Y. 1955). *See also Hempstead Video, Inc., v. Incorporated Village of Valley Stream*, 409 F.3d 127, 135 (2d Cir. 2005).

[5] *See* Munich Re's Memorandum in Support of its Cross-Motion for Summary Judgment ("Munich Re Memo."), pp. 11-12.

[6] *See* Wausau Opp., pp. 6-9, 17-22.

consolidation; b) there are lots of "core matters" in common, and c) Wausau might raise some other issues during the course of the *Munich Re* arbitration that might be the same as issues raised in the *Paladin* arbitration.[7] It is apparent that Wausau is now in desperation mode.

### 1. The *Wausau v Paladin* Arbitration Should Be Disregarded Because Wausau Has Admitted that RFF Did Not Represent Wausau in That Matter.

The *Evans* test is a comparison of prior and present *representations*. *See Evans*, 715 F.2d at 791 ("an attorney may be disqualified from representing a client in a particular case if . . . there is a substantial relationship between the subject matter of the counsel's **prior representation** of the moving party and the issues in the present lawsuit." (emphasis added)). Wausau admits that RFF did not represent Wausau in the *Wausau v Paladin* arbitration. Therefore, the *Wausau v Paladin* arbitration is not relevant to this Court's analysis. However, Wausau argues that the *Wausau v Paladin* matter is relevant because the *Paladin* arbitration is "derivative," and because Munich Re "relies on [the *Wausau v Paladin* arbitration] as support for its alleged entitlement to judgment as a matter of law."[8]

These arguments are unavailing. Wausau does not explain what it means by "derivative," but could not intend for this court to understand "derivative" in its legal sense.[9] Wausau may be alluding to a belief that Paladin initiated the *Paladin* arbitration in order to counter the arbitration initiated by Wausau. However, even assuming that Paladin initiated the *Paladin* arbitration in

---

[7] *See* Wausau Opp., pp. 6-9, 17-22.

[8] *See* Wausau Opp., p. 19, fn 21.

[9] **derivative action. 1.** A suit by a beneficiary of a fiduciary to enforce a right belonging to the fiduciary; esp., a suit asserted by a shareholder on the corporation's behalf against a third party (usu. a corporate officer) because of the corporation's failure to take some action against the third party. BLACK'S LAW DICTIONARY (9th Ed. 2009). Further, In New York state court, a "derivative claim" is one that is "tied to the original claim and [cannot] stand alone. *Fazio Masonry, Inc., v. Barry, Bette & Led Duke, Inc.*, 803 N.Y.S.2d 729, 731 (Sup. Ct., App. Div., 3rd Dept., 2005).

retaliation, that has no bearing on whether those two arbitrations are related. Again, Wausau has admitted that the *Wausau v Paladin* and *Paladin* arbitrations involved different claims arising under different contracts issued to different original insureds.[10]

Wausau's claim that Munich Re admits the relevance of the *Wausau v Paladin* matter by submitting various documents into evidence is hardly worthy of response. Munich Re discussed the *Wausau v Paladin* arbitration because Wausau "opened the door." Munich Re attached exhibits for the sole purpose of asserting its non-relevance.[11] If Munich Re had not explained why that matter was irrelevant, then Wausau would have argued that its relevance was admitted by Munich Re's silence.[12]

**2. "Core Matters" in Common is Not the Same as Common Issues In Dispute.**

After admitting that there are no common issues in dispute, Wausau claims that, nevertheless, there are "core matters" which must be considered in every arbitration, and that is sufficient to make the matters related.[13]

This is the "all reinsurance arbitrations are the same" argument which has been soundly rejected by the courts, (*see Revise*, 2010 WL 638369, at *11; *Koch*, 650 F.Supp.2d at 286-287), and which did not appear to resonate with this Court when the issue came up at conference.

---

[10] *See* Wausau's Resp., ¶¶ 7-8, 24, 26; Wausau Opp., pp. 3-5, 16-17.

[11] *See* Munich Re Memo., p. 8.

[12] Further, although RFF received various briefs and pleadings from the *Wausau v Paladin* arbitration – long after the consolidation issue had been decided – RFF was not provided with any privileged communications between Wausau and its counsel (Martin, Clearwater & Bell) in that arbitration. *See* Munich Re's Responses to Wausau's Statement of Material Facts ("Munich Re Resp."), ¶¶ 29, 121-122; Munich Re's Responses to Wausau's Notices to Admit, Response 11, attached as Exhibit 15 to Wausau's Motion for Summary Judgment. Therefore, RFF has no insight into Wausau's views on consolidation except as expressed in any briefs that were provided to RFF, which are not privileged. Finally, consolidation is a legal issue which is determined by the arbitration panel based on the specific facts and circumstances of the claims asserted in the arbitrations sought to be consolidated.

[13] *See* Wausau Opp., pp. 17-18.

Wausau claims that this authority should be disregarded because none of those cases involved reinsurance arbitration. Wausau would have the Court ignore well-established precedent holding that a substantial relationship is not created simply because the two matters involve the same area of law, and conclude that reinsurance disputes deserve an exception and are entitled to their own separate body of disqualification law. So, Wausau is asking for a "Wausau Exception." This appears to be a defensive argument to Munich Re's anticipated sanction request.

Despite identifying many "core issues" which "are considered, argued and decided anew" in every arbitration, Wausau never once asserts that any of these "core matters" were disputed in the *Paladin* arbitration or will be disputed in the *Munich Re* arbitration.[14] Selecting an arbitration panel is like picking a jury. It is not a factual or legal issue which makes otherwise unrelated disputes similar. Likewise with confidentiality, indemnification and hold harmless, and *ex parte* communications. These considerations are integral to the procedure of arbitrations, but they are only in very rare instances a point of contention. Wausau has not alleged that there are unusual circumstances in either the *Paladin* or *Munich Re* arbitrations that would give rise to a disagreement on any of these procedural considerations. Pre-award security[15] and discovery (presumably, the proper scope) are sometimes disputed, but the resolution of such disputes are, as they are in litigation, factually dependent.

Wausau also argues a substantial relationship exists because, in order to determine if a claim triggers a reinsurance contract, the terms of the reinsurance contract must be examined and compared to the claim.[16] With the exception of "retention" – which Munich Re has demonstrated

---

[14] *See* Wausau Opp., pp. 6-7, 17-17.

[15] Arbitration panels have authority to order interim relief, such as pre-award security, in order to prevent their final award from becoming meaningless. *See British Ins. Co. of Cayman v. Water Street Ins. Co.*, 93 F.Supp.2d 506, 516 (S.D.N.Y. 2000).

[16] *See* Wausau Opp., pp. 20-21.

in its Memorandum in Opposition to Wausau's Motion for Summary Judgment, pp. 17-18, to be completely different issues in Paladin and Munich Re – Wausau has not asserted that any particular aspect of this process is in dispute.[17] Finally, claiming that similarity exists because both arbitrations involve the application of the terms of a reinsurance contract to claims is simply another iteration of the "all reinsurance arbitrations are the same" argument.

### 3. The Court Does Not Need to Consider What Issues Wausau May Raise in the *Munich Re* Arbitration.

Wausau implicitly concedes that its claim is baseless, because it is now arguing that the Court should consider issues that Wausau has never raised, but "may" raise.[18] Not only should the Court refuse to consider hypothetical or speculative issues[19]; the Court should not consider completely new and manufactured issues, unsupported by any documentation, as a basis for defeating Munich Re's Cross Motion for Summary Judgment.[20]

As to the hypothetical issues Wausau mentions, inuring reinsurance is a consideration in every reinsurance relationship[21], so this is merely another way of reciting the "all reinsurance arbitrations are the same" argument. Further, Wausau alleges that "fraud, collusion, and bad

---

[17] *See* Wausau Opp., pp. 20-21.

[18] *See* Wausau Opp. p. 22.

[19] *See Kuriakose v. Federal Home Loan Mortgage Co.*, 674 F.Supp.2d 483, 492 (S.D.N.Y. 2009); *Bellefonte Reins. Co. v. Aetna Cas. and Surety Co.*, 590 F.Supp. 187, 190 (S.D.N.Y. 1984).

[20] "To defeat summary judgment, ... nonmoving parties must do more than simply show that there is some metaphysical doubt as to the material facts, and they may not rely on conclusory allegations or unsubstantiated speculation." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005)(internal citations omitted, emphasis added).

[21] **Inuring Reinsurance.** "A designation of other reinsurances which are first applied pursuant to the terms of the reinsurance agreement to reduce the loss subject to a particular reinsurance agreement. If the other reinsurances are to be disregarded as respects loss to that particular agreement, they are said to inure only to the benefit of the reinsured." Reinsurance Association of America, Glossary of Reinsurance Terms (last modified 2007), http://www.reinsurance.org/i4a/pages/index.cfm?pageid=3309#i.

faith" were issues in the *Paladin* arbitration, but has not supported that claim.[22] In fact, the relevant documents indicate the opposite.[23] Even if Wausau were to raise these issues in the *Munich Re* arbitration, no substantial relationship would be created because the underlying facts are different and those issues were not litigated in the *Paladin* arbitration.

### C. There is No Dispute that the Failure to Demonstrate a Substantial Relationship is Fatal to Plaintiff's Claim.

Wausau does not dispute that failure to demonstrate a substantial relationship is fatal to its claim.[24] Since Wausau has admitted that the *Paladin* and *Munich Re* arbitrations arise out of different facts and events[25], and has not alleged that there are any common issues in dispute[26], it has failed to establish that there is a substantial relationship between the two arbitrations. Therefore, summary judgment should be granted in Munich Re's favor.

## II. THERE IS NO LIKELIHOOD THAT RFF HAS ACCESS TO PRIVILEGED INFORMATION CONCERNING THE *PALADIN* ARBITRATION THAT WOULD BE RELEVANT TO THE *MUNICH RE* ARBITRATION.

### A. There is No Dispute That Wausau's Privilege Log is Hearsay.

Wausau asserts that its log of withheld documents (although referred to as a 'privilege log' for convenience, few of the documents are privileged, and some of them are not even confidential[27]) is admissible because it "has the tendency to make the existence of access to confidential/relevant privileged information more probable than it would be without the

---

[22] *See* Wausau Opp., p. 20.

[23] *See* Exhibits S, T, U to Munich Re's Cross-Motion for Summary Judgment.

[24] *See* Munich Re Memo., pp. 16-17.

[25] *See* Wausau's Resp., ¶¶ 7-8, 24, 26; Wausau Opp., pp. 3-5, 16-17.

[26] *See* Wausau Opp., pp. 6-9, 17-22.

[27] *See* Wausau's Privilege Log, attached as Exhibit 16 to Wausau's Motion for Summary Judgment, pp. 16, 23-24, 30, 41 97, 123-124, 130, 134, 145-146, 152.

evidence," and is therefore relevant.[28] Wausau's argument is illogical and even if it made sense, ignores other rules of evidence which clearly require the document to be excluded from consideration.

First, this Privilege Log is Wausau's own unsworn, self-serving summary of the documents it claims are in its possession concerning the *Paladin* arbitration, created after this litigation was initiated to further Wausau's agenda. In and of itself, the log does not make anything more probable. Second, if the log is evidence, it is hearsay. Wausau is submitting the Privilege Log for the truth of its contents – that communications of the kind and nature indicated in the log took place. *See* Fed. R. Evid. 801(c). Wausau does not dispute that the log is hearsay and has not identified any applicable exception to the hearsay rule.

**B. There is No Dispute that Munich Re Has Named Potential Umpires Who Were Not Discussed Between RFF and Wausau During the *Paladin* Arbitration.**

Wausau asserts that "Munich Re fabricates facts about arbitrators and umpires."[29] However, what Wausau goes on to demonstrate is that Munich Re inadvertently omitted a reference in support of Paragraph 23 of its Statement of Material Facts, in which Munich Re alleges that Munich Re's party arbitrator, Andrew Manavel, and Munich Re's umpire candidates were not discussed by RFF and Wausau during the *Paladin* arbitration. Wausau does not claim – nor could it claim – that the statement is *untrue*. RFF has reviewed all documents in its possession concerning the *Paladin* arbitration and has not located any discussion of, or reference to, Andrew Manavel, Jonathan Rosen, Lawrence Monin or Paul Thomson.[30]

---

[28] Wausau Opp., p. 7.

[29] Wausau Opp., p.10.

[30] *See* Affidavit of Crystal Monahan, ¶ 4, filed herewith. *See also* Munich Re's Resp., ¶¶ 27-29, wherein Munich Re indicates that further refutation of Wausau's claims would require disclosure of attorney client communications.

## III. THERE IS NO DISPUTE THAT THE *EVANS* TEST ENCOMPASSES NYRPC 1.9(a) & 1.9(c) AND THUS NO SEPARATE ANALYSIS OF NYRPC 1.9(a).

Wausau does not dispute that, in this Court, the applicable test for disqualification is the *Evans* test.[31] Instead, Wausau claims that this Court is not prohibited from relying on Rule 1.9.[32] As explained in Munich Re's moving papers, the *Evans* test is the Second Circuit's expression of an analysis that encompasses both NYRPC Rule 1.9(a) and 1.9(c).[33] Therefore, by applying the *Evans* test, this Court will, in fact, be relying on and applying those rules (as understood by the Second Circuit). Wausau does not dispute this, either. What Wausau is actually seeking is a separate and less stringent analysis which ignores all of the case law that establishes Wausau's disqualification claim as frivolous.

## IV. MUNICH RE IS NOT IN VIOLATION OF THIS COURT'S OCTOBER 14, 2010 ORDER.

Wausau incorrectly asserts that Munich Re has violated this Court's October 14, 2010 Order granting its Motion for a Protective Order by presenting exhibits at issue which show the issues in dispute in the *Paladin* arbitration. Specifically, the exhibits are Wausau's response to Paladin's arbitration demand and Wausau's Position Statement (analogous to a complaint or counterclaim) in the *Paladin* arbitration.

Wausau's Motion for Protective Order did not include a request that Munich Re be barred from using documents *from its own files*. Rather, Wausau requested an order protecting it from being forced to produce its own documents. *See* Wausau's Notice of Motion for Protective Order, docket #17 ("Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, issuing a

---

[31] RFF agrees that it is bound by the New York Rules of Professional Responsibility. RFF further reiterates, as it has stated repeatedly in the past, that it is not in violation of any applicable rules. Wausau has not demonstrated otherwise.

[32] *See* Wausau Opp., pp. 12-13.

[33] *See* Munich Re Memo., p. 24.

protective order ruling that plaintiff is not required to produce confidential and privileged documents sought by defendant through the course of discovery in this action."). Further this Court's Order simply states that Wausau's Motion is granted, with the explanation that "Disclosure of information that is 'confidential' or 'privileged' is not required to make out a claim for disqualification under established case law." *See* Docket #30. This Court has not denied Munich Re the right to defend its choice of counsel, and it would be unfair of this Court to do so. Moreover, Wausau is alleging that the *Paladin* arbitration and the *Munich Re* arbitration are substantially related because they involve "virtually indistinguishable" contracts, "involved" the same core matters, and that "fraud, collusion and bad faith" were issues in the *Paladin* arbitration.[34] Munich Re should not be denied the opportunity to submit evidence that refutes the allegations. The exhibits that Munich Re has attached are documents that may be protected by a confidentiality agreement[35], but they are not privileged (both were disclosed to opposing counsel, at least). RFF has not disclosed – to Munich Re or this Court – Wausau's privileged information.

WHEREFORE, Munich Re respectfully requests that summary judgment be granted in its favor, and that Wausau's Complaint be dismissed in its entirety and with prejudice. Munich Re further requests that it be awarded its reasonable attorneys' fees and costs associated with its efforts to defend against this frivolous complaint, including its attorneys' fees associated with preparing and filing this cross motion for summary judgment and in opposing Wausau's motion for summary judgment, and that the Court grant such other and further relief as it may deem

---

[34] *See* Wausau Opp., pp. 18-22.

[35] This court has made clear that only documents that satisfy the standard in *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119-120 (2d Cir. 2006), may be submitted under seal. Documents protected by only a confidentiality agreement would not satisfy that test. *See Sony Ericsson Mobile Communications AB v. Delta Electronics Public Co. Ltd. (Thailand)*, 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009), *citing Global Reinsurance Corp. – U.S. Branch v. Argonaut Ins. Co.*, 2008 WL 1805459 (S.D.N.Y. Apr. 24, 2008).

necessary and appropriate.

Dated: New York, New York
December 10, 2010

Respectfully submitted,
RUBIN, FIORELLA & FRIEDMAN LLP

By: ______________________________

Bruce M. Friedman, Esq.
Crystal Monahan, Esq.
292 Madison Avenue, 11th Floor
New York, New York 10017
Phone: 212-447-4644
Fax: 212-953-2462