USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-1-11

# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

GERI B. HORENSTEIN
PARTNER

DIRECT DIAL: (212) 916-0943
E-MAIL: horeng@mcblaw.com

**MEMO ENDORSED**

*This Court has considerable latitude and discretion on the scheduling of Munich Re's motion for sanctions. Considerable light may be shed on whether MCB and MCK's actions were for the purpose of unreasonable or vexious delay or to multiply the proceedings by awaiting the conclusion of the pending arbitrations. Munich Re may renew its request within ten days of any final award in the arbitration.*

May 31, 2011

Via Fax: 212-805-7949
Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **Employers Ins. Co. Of Wausau v. Munich Reinsurance America, Inc.**
    Civil Action No.:   10 CV 3558 (PKC)
    MCB File No.:       70-81952

*SO ORDERED.
[signature] USDJ
5-31-11*

Dear Judge Castel:

This letter is submitted on behalf of Employers Insurance Company of Wausau ("Wausau"); Martin Clearwater & Bell LLP ("MCB"); and Mark C. Kareken, Esq. ("MCK") in response to the May 25, 2011 request of Munich Reinsurance America, Inc. ("Munich Re") for a Pre-Motion Conference, seeking permission to file a motion for sanctions against Wausau and its in-house and outside counsel. For the reasons set forth below, Wausau, MCB and MCK respectfully request that Munich Re's motion request be denied.

In considering Munich Re's request, the relevant aspects of the course of this proceeding to date are pertinent, as are several recent developments of which, upon information and belief, the Court is not yet aware.

There are three significant reasons for which Wausau commenced this action within 20 days of Munich Re's arbitration demand. First, the arbitration agreements contained in the reinsurance treaties under which the arbitrations were demanded required that the arbitration panels be formed within 60 days of the demand (30 days to appoint arbitrators, and 30 days to select an umpire). Second, Munich Re refused to replace Rubin, Fiorella & Friedman ("RFF"), which Wausau had anticipated it would. Third, 20 days were needed for Wausau and MCB to research, review, analyze and discuss the filing of the potential action for disqualification.

Munich Re immediately responded by requesting a pre-motion conference, seeking leave to file two motions: one under Rule 12(b)(6), and the second to compel arbitration and the

WESTCHESTER COUNTY OFFICE
245 MAIN STREET
WHITE PLAINS, NY 10601
TELEPHONE (914) 328-2969
FACSIMILE (914) 328-4056

BMP/mm
1663225_1.DOC

NASSAU COUNTY OFFICE
90 MERRICK AVENUE
EAST MEADOW, NY 11554-1576
TELEPHONE (516) 222-8500
FACSIMILE (516) 222-8513

NEW JERSEY OFFICE
744 BROAD STREET
NEWARK, NJ 07102
TELEPHONE (973) 735-0578
FACSIMILE (973) 735-0584

Hon. P. Kevin Castel
Wausau v Munich Re – 2010CV03558
May 31, 2011
Page 2

appointment of an umpire. Munich Re based its request on Wausau's alleged failure to disclose in its complaint all of the facts supporting its claim, and that no reason existed to delay the arbitration. Wausau opposed those motion requests, and although there is no written order or docket entry, the Court did not grant Munich Re permission to file either motion.

Thereafter, Munich Re commenced a separate action against National Casualty Company ("National Casualty" – another reinsurer participating with Wausau on one of the two reinsurance treaties before this Court[1]). That petition also sought to compel arbitration and the judicial appointment of an umpire. After a determination that this separate action was unrelated to the disqualification action before this Court, it was assigned to Judge Sidney Stein. National Casualty sought a stay of, or injunction against, proceeding with the arbitration, as the reinsurance treaty at issue required that Wausau and National Casualty jointly participate in any arbitration. National Casualty asserted that its participation in arbitration prior to determination of the disqualification issue would not be appropriate.

In the matter before this Court, Wausau and Munich Re agreed to a discovery schedule and exchanged discovery requests. In its requests, Munich Re sought the very materials Wausau considered confidential, and which gave rise to Wausau's claim for disqualification. Munich Re also sought one deposition. Munich Re persisted, forcing Wausau to seek a protective order, which was granted. With the granting of that motion, discovery was completed and the matter became ripe for summary judgment consideration. Summary judgment briefing was completed in December 2010. In its cross-motion, Munich Re sought the same sanction relief addressed in its counterclaims, and in the instant motion request.

On April 26, 2011, Judge Stein ruled that whether Wausau must participate in the arbitration with Munich Re and National Casualty was a matter for the arbitrators to decide. The Umpire for that arbitration was selected on April 29, 2011 - within three days of Judge Stein's decision. The arbitration panel then contacted the parties' counsel about scheduling an organizational meeting. The panel expressed its understanding that pre-organizational meeting motions might be desired by the parties. Wausau and National Casualty agreed on the need to file such a motion - staying the arbitration until the disqualification issue was resolved in order to prevent the panel from potentially usurping this Court's jurisdiction by compelling Wausau to participate.

The Court's May 13, 2011 Memorandum and Order denied Wausau's motion, granted Munich Re's cross-motion only to the extent that Wausau's complaint was dismissed, and held that "[a]ll other relief requested by any party is denied." The Court's decision rendered moot the planned motion to stay the arbitration, which was to have been filed by May 20, 2011. Wausau and National Casualty advised the arbitration panel of these developments and informed the panel that there was no longer opposition to Munich Re's request that the panel take jurisdiction

---

[1] National Casualty is a subsidiary of Nationwide Mutual Insurance Company. Wausau was once an affiliate of Nationwide and National Casualty, but that affiliation ended in 1999.

1663225_1.DOC

Hon. P. Kevin Castel
Wausau v Munich Re – 2010CV03558
May 31, 2011
Page 3

over the merits of both the 77-82 Wausau/National Casualty arbitration (for which it had been empanelled) and the 82-85 Wausau arbitration. The Panel indicated its willingness to preside over the consolidated dispute, but requested that the parties execute a stipulation to that effect.

Munich Re proposed a stipulation that was acceptable to Wausau and National Casualty with the exception of one paragraph. That one paragraph intended to put before the panel the same sanction issues that remain before this Court. Wausau informed Munich Re that it would not accept that provision, and advised that either: 1) the parties should agree that the panel will decide all sanction issues, which would require Munich Re to dismiss its counterclaims; or 2) the stipulation to consolidate would have to clearly delineate that the panel has jurisdiction over only those matters not before this Court. Munich Re did not respond directly, and instead filed its Pre-Motion Conference Request.

Munich Re now seeks to pursue the same sanctions it was denied in its cross-motion for summary judgment. However, Munich Re offers no new facts or evidence that warrant the Court's "reconsideration" of that which has already been denied.

Moreover, the action brought by Wausau was not frivolous. The Court denied Munich Re's request for dismissal of Wausau's action for failing to state a claim, indicating that Wausau's complaint contained "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1397, 1949 (2009)(citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

Munich Re now asserts that Wausau, MCB and MCK knew that there was no factual support for the action, but offers absolutely no proof to support this claim. Instead, Munich Re continues to argue that it was inappropriate for Wausau not to disclose the very information that Wausau was attempting to protect by filing the action in the first instance. Munich Re conveniently ignores that the Court granted Wausau's motion for a protective order, thereby permitting Wausau to withhold the very information Munich Re now purports would prove that Wausau never had a valid claim.[2] It is unreasonable for Munich Re to suggest that Wausau should be sanctioned for failing to disclose information for which the Court granted Wausau a protective order.

Munich Re makes a meritless attempt to imply frivolousness, arguing that Wausau, MCB and MCK knew that the action had no possibility of success in the law. However, at the time that summary judgment was submitted in this matter, there was not one judicial decision,

---

[2] Munich Re also seems to be alleging that MCB could not have performed a reasonable investigation before filing the complaint because there simply was not sufficient time. Again, no proof is offered. Munich Re has also apparently forgotten that MCB represented Wausau in the Paladin I arbitration – the arbitration that led to Paladin II, in which RFF represented Wausau. As such, MCB was fully familiar with the circumstances and did not need months to conduct a reasonable investigation.

1663225_1.DOC

Hon. P. Kevin Castel
Wausau v Munich Re – 2010CV03558
May 31, 2011
Page 4

reported or unreported, from any state or federal court in which the issue of disqualification in this factual context had been decided. We are aware of no court, other than this one, that has ever been asked to decide whether attorneys representing a client in one reinsurance arbitration should be disqualified from representing a subsequent client against the former client in a subsequent reinsurance arbitration. That circumstance is in no way analogous to knowing that there is no possibility of success.

Munich Re's motion request should also be denied because Wausau, MCB and MCK did not unreasonably or vexatiously delay or multiply the proceedings. Munich Re's litany of allegedly offensive conduct is meritless and frivolous.

a) Wausau should not be punished for pursuing summary judgment at the conclusion of written discovery rather than deposing representatives of Munich Re and/or RFF. Likewise, the only deposition sought by Munich Re was of MCK, which became moot upon the Court's determination that Wausau was entitled to a protective order.

b) Requesting Munich Re's Allianz claim file and RFF's Paladin file was not unreasonable or vexatious, nor did Munich Re raise any such objection at that time.

c) Sanctions against Wausau for seeking a protective order, to which the Court determined that it was entitled, are not warranted.

d) It was not unreasonable or vexatious to proceed with the action despite Munich Re's perception of some skepticism on the part of the Court.

e) The arguments presented by Wausau regarding substantial relationship and confidential information were not frivolous, and sanctioning Wausau for seeking a protective order to which the Court determined it was entitled, would be inappropriate.

f) The October 14, 2010 pre-trial conference concluded discovery, thereby making summary judgment appropriate, and Wausau proceeded accordingly, which was not unreasonable or vexatious.

g) The Munich Re v. National Casualty action was brought by Munich Re, and was Munich Re's unreasonable and frivolous response to this Court's declination to entertain Munich Re's same requests for relief in the disqualification action.

Finally, Munich Re's assertion that the conduct of Wausau, MCB and MCK was part of a "scheme" to delay the arbitration and illegitimately obtain a discount of the amount allegedly owed is untrue and misconceived. There is not, nor was there ever, any such "ill-conceived,

1663225_1.DOC

Hon. P. Kevin Castel
Wausau v Munich Re – 2010CV03558
May 31, 2011
Page 5

premeditated plan." Wausau's sole concern was the protection of what it reasonably believed was confidential information that could be used by RFF against Wausau to Munich Re's benefit. Despite all of its expressed desire to proceed on the arbitral merits, Munich Re chose not to replace RFF. Had it chosen otherwise, the arbitration would have proceeded and would likely be close to conclusion, if not already concluded, by this point. In fact, there were several exchanges between the parties regarding how the litigation might be resolved, including one proposal by Wausau that would have allowed RFF to continue its representation of Munich Re - which Munich Re rejected. Wausau should not be sanctioned for Munich Re's decision to persist with conflict rather than compromise.

After due consideration, Wausau, MCB and MCK determined that the disqualification claim was not frivolous and was founded upon legitimate bases. When it became clear that Munich Re was unwilling to compromise, Wausau pursued its disqualification action as expeditiously and efficiently as possible. The Court's dismissal of the disqualification issue after complete briefing on that issue does not prove that the conduct of Wausau, MCB and MCK is sanctionable.

At the outset of the litigation, Wausau represented to the Court that Wausau would expeditiously proceed with the arbitrations upon resolution of the disqualification issue, which it has. Within three days of Judge Stein's ruling, an umpire for the 77-82 arbitration panel was selected. That arbitration panel agreed to hear the 82-85 arbitration, in addition to the 77-82 arbitration, if the parties conferred that jurisdiction. The sole impediment to that consolidation is Munich Re's attempt to have the sanction issues remain before this Court, and to also present them to the panel. It is reasonable and logical for Wausau and National Casualty to object to the same sanction issues being presented in two forums. As such, Munich Re is the party now delaying the arbitration.

In light of the above, Wausau, MCB and MCK respectfully request that the Court deny Munich Re's May 25, 2011 Pre-Motion Conference Request.

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

Geri B. Horenstein

cc: **Via Fax (212) 953-2462**
Crystal Monahan, Esq.
Rubin, Fiorella & Friedman LLP
292 Madison Avenue
New York, New York 10017

1663225_1.DOC