UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EMPLOYERS INSURANCE COMPANY OF
WAUSAU,

       Plaintiff,    :  10 Civ. 3558 (PKC)

     -against-      :  ORDER

MUNICH REINSURANCE AMERICA, INC,

       Defendant.
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-18-12

CASTEL, District Judge:

  In response to plaintiff's original complaint, defendant Munich Reinsurance America Inc. ("Munich Re") filed counterclaims for sanctions pursuant to Rule 11, Fed. R. Civ. P., and 28 U.S.C. § 1927 premised upon the bad faith and lack of merit of the plaintiff's claim for attorney-disqualification. Rule 11(c) is specific as to the procedure for seeking sanctions for a purported violation of Rule 11(b) and the procedure does not include the assertion of a counterclaim. Section 1927 is silent on the point. If it were the case that a counterclaim could be asserted under Rule 11 or section 1927, then Rule 56, Fed. R. Civ. P., would apply; however, sanctions under these provisions are not a matter of right and require an exercise of judicial discretion. Similarly, there is no support for the proposition that a party would be entitled to a trial on the merits of such counterclaims merely because there was a dispute of fact; thus, they do not appear to be properly asserted as counterclaims. Munich Re's suggestion that the Court simply con-

sider a <u>motion</u> for sanctions and allow the counterclaims to dangle indefinitely for possible future use by Munich Re has little merit to it.

Let Munich Re show cause in writing by July 27 why its counterclaims ought not be dismissed for failure to state claims for relief. Employers Insurance Company of Wausau ("Wausau") may respond by August 10. Any reply may be filed by August 17.

Turning to the proposed sanctions motion, the Court does not doubt that Munich Re spent considerable sums in defending the disqualification motion and that the disqualification motion, in fact, delayed the arbitration. Those circumstances alone do not control the issue of whether sanctions ought to be imposed under Rule 11 or section 1927. Having reviewed this Court's Memorandum and Order denying disqualification in the light of the letters of July 9, 12 and 16, it is highly doubtful that the court would conclude that the disqualification motion was completely without merit, objectively unreasonable or made in bad faith for an improper purpose. Nevertheless, if Munich Re wishes to proceed, it shall do so on the same schedule for the response to the order to show cause with respect to the counterclaim.

SO ORDERED.

Dated: New York, New York
       July 17, 2012

                                              _____
                                              P. Kevin Castel
                                              United States District Judge